Ben Latham
11005 Cross Drive #8
Eagle River, Alaska Zip. 99577
Phone (907)802-9215

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

Ben Latham                                    )
                                              )
          Plaintiff,                          )
                                              )
vs.                                           )
                                              )
Anchorage Municipality People Mover           )
Jamie Acton Director                          )
Anchorage Municipality People Mover           )
Will Brown Supervisor                         )
Anchorage Municipality People Mover           )
Sandy James Disability Supervisor             )
Customer Service Representative               )
                                              )
                                              )
          Defendant's.                        ) Case No.3AN-19-        CI
_____     )

RECEIVED

SEP 2 4 2019

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALK.

3:19-cv-00258-SLG

## COMPLAINT

### FOR COMPENSATORY AND PUNITIVE DAMAGES

### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

THE CIVIL RIGHTS ACT OF 1964, 1990 (42 U.S.C.§ 12101-12213)

TITLE VI OF THE CIVIL RIGHTS ACT OF 1964(42 U.S.C. 2000d-e-4)

THE AMERICAN WITH DISABILITIES ACT OF 2008 PL (110-325)

(S-3406)(ADAAA)

THE AMERICAN WITH DISABILITIES ACT OF 1990 (ADA))(P.L.110-325)

(42 U.S.C. 12101-12213)

TITLE I OF THE WORKFORCE INVESTMENTT ACT OF 1998(29 U.S.C. 2801)

THE AMERICAN WITH DISABILITIES ACT OF 2008(42 U.S.C. 2005 e-5)

THE AMERICAN WITH DISABILITIES ACT OF (42 U.S.C. 2000 e-16)

THE AMERICAN WITH DISABILITIES ACT OF (ADA) OF 1990

EMPLOYMENT DISCRIMATION (28 C.F.R. 35.140) and (29 C.F.R. 1630)

SECTION 504 OF THE REHIBITATION ACT OF 1973(29 U.S.C.§701)(a)(D)

TITLE V ADA CIVIL RIGHTS ACT OF 1974

28 C.F.R. (35.102)

29 U.S. CODE § 795J

42 U.S.C. 1981(a)

42 U.S.C. 1983

1

Comes Now the Plaintiff, Ben Latham Pro Per, and hereby states, pleads, alleges, claims, and re-complains, as his causes of action in this matter as follows:

## JURISDICTION

### 1.

Jurisdiction in this matter is sought pursuant to the common law of the State of Alaska and Alaska Federal District Court Rules of Civil Procedure, The Civil Rights Act of 1964, 1990(42 U.S.C.§ 12101-12213), Title VI of Civil Rights Act of 1964(42 U.S.C. 2000d-e-4), The American with Disabilities Act of 2008 PL (110-325) (S-3406)(ADAAA), The American with Disabilities Act of 1990 (ADA))(P.L.110-325)(42 U.S.C. 12101-12213), Title I of the Workforce Investment Act of 1998 (29 U.S.C. 2801), The American with Disabilities Act of 2008 (42 U.S.C. 2005 e-5), The American with Disabilities Act of (42 U.S.C. 2000 e-16), The American with Disabilities Act of (ADA) of 1990, Employment Discrimation (28 C.F.R. 35.140) and (29 C.F.R. 1630), Section 504 of the Rehabilitation Act of 1973(29 U.S.C.§701)(a)(D), Title V (ADA) Civil Rights Act of 1974, 28 C.F.R. (35.102), 29 U.S. Code § 795(J), 42 U.S.C. 1981(a), 42 U.S.C. 1983.

## PARTIES
### PLAINTIFF

**2.**

Plaintiff, Ben Latham, is and at all times herein is a citizen of the United States of America, and the State of Alaska, is a party to this action by virtue of his status as a qualified Caucasian Mentally Disabled Adult Male diagnosed with a Mental illness of Schizophrenia and Schizoaffective d/o and having Developmental Disabilities and that receives Supplemental Social Security Benefits through the United States Government and receives adult Public Assistance through the State of Alaska for his Qualified Mental Disability.

### DEFENDANTS

**3.**

Defendant Anchorage Municipality People Mover Director Jamie Acton is the Defendant in her Personal and Official Capacity while acting under the Color of State and Federal Law, and under the Civil Rights Act of 1964, 1990(42 U.S.C.§ 12101-12213), Title VI of Civil Rights Act of 1964(42 U.S.C. 2000d-e-4), The American with Disabilities Act of 2008 PL (110-325) (S-3406)(ADAAA), The American with Disabilities Act of 1990 (ADA))(P.L.110-325)(42 U.S.C. 12101-12213), Title I of the Workforce Investmantt Act of 1998(29 U.S.C. 2801), The American with Disabilities Act of 2008(42 U.S.C. 2005 e-5), The American with Disabilities Act of (42 U.S.C. 2000 e-16), The American

with Disabilities Act of (ADA) of 1990, Employment Discrimination (28 C.F.R. 35.140) and (29 C.F.R. 1630), Section 504 of the Rehabilitation Act of 1973(29 U.S.C.§701)(a)(D), Title V ADA Civil Rights Act of 1974, 28 C.F.R. (35.102), 29 U.S. Code § 795 (J), 42 U.S.C. 1981(a), 42 U.S.C. 1983, and will continue to result in irreparable harm and injury to Plaintiff Ben Latham and his constitutional protective rights, and further, result in grievous legal consequences being vested upon Plaintiff Ben Latham without just cause, the Defendant Anchorage Municipality People Mover Director Jamie Acton is further a party to this action under the doctrine of Respondent Superior for the illegal Actions brought herein involving negligence of her employees of the Anchorage Municipality People Mover Will Brown and her supervisor of the Downtown People Mover office, the Defendant is further a Party to this action under the common law doctrine of Respondent Superior for certain causes of action, and general Malfeasance in the supervision of Anchorage Municipality People Mover Will Brown Supervisor and Anchorage Municipality People Mover Sandy James which has affected Plaintiff Ben Latham personally and individually.

**4.**

Defendant Anchorage Municipality People Mover Will Brown Supervisor is the Defendant in his Personal and Official Capacity while acting under the Color of State and Federal Law, and under the Civil Rights Act of 1964, 1990(42 U.S.C.§ 12101-

4

12213), Title VI of Civil Rights Act of 1964(42 U.S.C. 2000d-e-4), The American with Disabilities Act of 2008 PL (110-325) (S-3406)(ADAAA), The American with Disabilities Act of 1990 (ADA)(P.L.110-325)(42 U.S.C. 12101-12213), Title I of the Workforce Investment Act of 1998 (29 U.S.C. 2801), The American with Disabilities Act of 2008 (42 U.S.C. 2005 e-5), The American with Disabilities Act of (42 U.S.C. 2000 e-16), The American with Disabilities Act of (ADA) of 1990, Employment Discrimination (28 C.F.R. 35.140) and (29 C.F.R. 1630), Section 504 of the Rehabilitation Act of 1973(29 U.S.C.§701)(a)(D), Title V ADA Civil Rights Act of 1974, 28 C.F.R. (35.102), 29 U.S. Code § 795J,(42 U.S.C. 1981) (a), 42 U.S.C. 1983, which has, does, and will continue to result in irreparable harm and injury to Plaintiff Ben Latham and his constitutional protective rights, and further, result in grievous legal consequences being vested upon Plaintiff Ben Latham without just cause, the Defendant Anchorage People Mover Director Will Brown is further a party to this action under the doctrine of Respondent Superior of the illegal Actions brought herein involving negligence of his employees of the Anchorage People Mover and her supervisor of the Downtown People Mover office, the Defendant is further a Party to this action under the common law doctrine of Respondent Superior for certain causes of action brought herein for general Malfeasance in the

supervision of Sandy James which has affected Plaintiff Ben Latham personally and individually while acting under the color of State and Federal Law and 42 U.S.C. 1983 while acting in his Personal and in his official capacity as the supervisor of the Downtown People Mover office, which has, does, and will continue to result in irreparable harm and injury to Plaintiff Ben Latham and his constitutional protective rights, and further, result in grievous legal consequences being vested upon Plaintiff without just cause.

The supervisor of the Anchorage Municipality Downtown People Mover office, the Defendant is further a Party to this action under the common law doctrine of Respondent Superior for certain causes of action brought herein involving negligence, general Malfeasance in the supervision of Sandy James which has affected Plaintiff Ben Latham personally and individually.

5.

Defendant Anchorage Municipality People Mover Sandy James is the Defendant in her Personal and Official Capacity while acting under the Color of State and Federal Law, and under the Civil Rights Act of 1964, 1990(42 U.S.C.§ 12101-12213), Title VI of Civil Rights Act of 1964 (42 U.S.C. 2000d-e-4), The American with Disabilities Act of 2008 PL (110-325)(S-3406) (ADAAA), The American with Disabilities Act of 1990 (ADA)

(P.L.110-325)(42 U.S.C. 12101-12213), Title I of the Workforce
Investment Act of 1998 (29 U.S.C. 2801), The American with
Disabilities Act of 2008(42 U.S.C. 2005 e-5), The American with
Disabilities Act of (42 U.S.C. 2000 e-16), The American with
Disabilities Act of (ADA) of 1990, Employment Discrimination
(28 C.F.R. 35.140) and (29 C.F.R. 1630), Section 504 of the
Rehabilitation Act of 1973 (29 U.S.C.§701)(a)(D), Title V ADA
Civil Rights Act of 1974, 28 C.F.R. (35.102), 29 U.S. Code §
795(J), 42 U.S.C. 1981(a), 42 U.S.C. 1983, which has, does, and
will continue to result in irreparable harm and injury to
Plaintiff Ben Latham and his constitutional protective rights,
and further, result in grievous legal consequences being vested
upon Plaintiff Ben Latham without just cause, the Defendant
Anchorage People Mover Director Sandy James is further a party
to this action under the doctrine of Respondent Superior of the
illegal Actions brought herein involving negligence of her
subordinate employees, Which has, does, and will continue to
result in irreparable harm and injury to Plaintiff Ben Latham
and his constitutional protective rights, and further, result
in grievous legal consequences being vested upon Plaintiff Ben
Latham, without just cause, the Defendant Sandy James is
further a Party to this action involving negligence and general
malfeasance and Harassment, as set out in Harassment in the
second degree AS 11.61.120 which has affected Plaintiff Ben

1  Latham individually.

**Facts**

6.

Plaintiff, Ben Latham, is and at all times herein is a
citizen of the United States of America, and the State of Alaska,
and is a party to this action by virtue of his status as a
qualified Mentally Disabled Caucasian Adult Male with a Mental
illness of Schizophrenia and Schizoaffective d/o that receives
Supplemental Social Security Benefits through the United States
Government and receives adult Public Assistance through the State
of Alaska for his Qualified Mental Disabilities that was denied,
is being denied, and will continue to be denied by the Anchorage
Municipality People Mover Jamie Acton Director of Anchorage
Municipality People Mover and Anchorage Municipality People Mover
Will Brown Supervisor and Anchorage Municipality People Mover
Sandy James Disability Supervisor Customer Service Representative
to receive a reduced fare Bus Pass due to his status as a
Caucasian adult Male Mentally Disabled and was denied, is being
denied, and will continue to be denied access to the Federal and
State Courts in Anchorage Alaska on the weekends as a resident of
Eagle River Alaska and was denied, is being denied, and will
continued to be denied to Participate in Rehabilitative Services
through the Federal Court System and the Alaska Court System by

being denied employment consideration on the weekends due to no

Anchorage Municipality People Mover Bus service from Eagle River

in the am hours and a return trip Bus service from Anchorage to

Eagle River in the pm hours on the weekends and has been denied,

is being denied, and will continually be denied by the Anchorage

Municipality People Mover Bus service and Employees of the

Anchorage Municipality People Mover to Rehabilitative Services by

being denied to apply for and retain Equal Employment

Opportunities at the Anchorage Federal Court Building and the

Alaska State Court Building under, The Civil Rights Act of 1964

(42 U.S.C. § 12101), Title VI of the Civil Rights Act of 1964

(42 U.S.C. § 2000d), and by being excluded from participation in,

and being denied the benefits of, or be subjected to

discrimination under any program or activities receiving Federal

financial assistance (Pub. L. 88-352, title VI, §601, July 2,

1964, 78 Stat. 252.) such as the Anchorage Municipality People

Mover Bus service on the weekends from Eagle River in the am

hours and a return trip Bus service from Anchorage to Eagle River

in the pm hours and Employees of the Anchorage People Mover and

under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §

701), the Americans with Disabilities Act of 1990, the Americans

with Disabilities Act of 2008(42 U.S.C. 2005e-5)(42 U.S.C.2000 e-

16) and 42 U.S.C. 1981, and 42 U.S.C. 1983. Plaintiff Ben Latham

is being denied, has been denied, and will continue to be denied

equal opportunities under the Law and to have access to jobs, public accommodations, government services, public transportation and access to the State and Federal Courts on the weekends that when Planitiff Ben Latham has a mental impairment that substantially limits him to major life activities and has an impairment which substantially limits major life activities in regards as to having such an impairment for a job applicant by the Anchorage Municipality People Mover Bus service and Employees of the Anchorage Municipality People Mover Bus service and Employees and by the Director of the Anchorage Municipality People Mover Director Jamie Acton and her subordinate employees of the Anchorage Municipality People Mover Bus system Harassing Plaintiff ben Latham.

On Monday July 29th 2019 I Ben Latham went to the Anchorage Municipality People Mover Bus Transit Center located at 604 w.6th Avenue Anchorage Alaska Zip. 99501 at which time without Due Process of Law and Equal Protection under the Law, Sandy James and Will Brown the Supervisor of the Anchorage Municipality People Mover refused to provide Plaintiff ben Latham a replacement reduced Disability Bus fare Application in violation of Plaintiff's Due Process and Equal Protection Rights under Law the ADA Disability reduced Disability Bus fare Application form is misleading and veg and ambiguous when one applies for a disability reduced Bus Pass and the Disability supervisor Sandy

James at the Downtown Location refuses to provide her last name for Plaintiff Ben Latham to file a ADA Civil Complaint with the ADA Municipal coordinator.

For the past two years Ben Latham has been denied a Disability reduced Bus fare pass because as Ben Latham was told by Will Brown that Ben Latham's Doctor filed out his Disability Application wrong and Ben Latham was told by the Male Supervisor Will Brown that Ben Latham had to wait Six Months prior to filing a New Application for a Disabled Reduced Fare Bus Pass and then later the same day Sandy James stated to Ben Latham that Ben Latham did not have to wait six months to re-apply for a reduced Fair Bus Pass, Sandy James stated to Ben Latham over the Phone that an Application would be re-processed as soon as Mr. Latham's Doctor resubmits the Disability reduced fare Bus Pass Application. Jamie Acton the Director of Anchorage Municipality People Mover Acts under Color of State and Federal Law and under the ADA Disability Act and is responsible for her employees lying to Mr. Latham and denying him ADA services and a Reduced Fair Bus Pass. The Anchorage Municipal People Mover also denies Alaska Residents Due Process of Law and Equal Protection under the Law by denying Ben Latham access to the Courts on a Saturday and Sunday by not having a People Mover Bus that goes to and from Anchorage to Eagle River at least once a Day round Trip. Meaning the Anchorage Municipal People Mover

Bus should go to Anchorage from Eagle River in the am Morning

and return to Eagle River in the pm evening on Saturdays and

Sundays. This was brought up at the Last open Meeting that

Anchorage Municipal People Mover community when they held there

meeting in July of 2019 and the People Mover Committee has

failed to act and provide People Mover Bus Transportation on the

weekends for Eagle River Alaska. The person that writes the

invitation for the Public to attend the Anchorage Municipal

people Mover Public Meetings, miss leads the Anchorage Community

when they write on the invitation that Bus Passes will be handed

out for Anchorage Disabled Residents who attend.

Mr. Latham was denied Bus Passes when he attended the July

Meeting of 2019.

On September 17th 2019 the Anchorage Municipality People

Sandy James Disability Supervisor of Customer Service

Representative at the front counter of the Anchorage Municipality

People Customer Service window denied Plaintiff Ben Latham a

Disability Reduced Fair Application that is a Federally

subsadised Program through the Federal Govermentment.

On September 18th 2019 Plaintiff Ben Latham received two

Herassment phone Call from the Anchorage Municipality People

Mover Employee Will Brown Supervisor of People Mover downtown

location, and Will Brown refused take Plaintiff's Verbal

Complaint that on September 17th 2019 the Anchorage Municipality

People Sandy James Disability Supervisor of Customer Service
Representative at the front counter of the Anchorage Municipality
People Customer Service window denied Plaintiff Ben Latham a
Disability Reduced Fair Application that is a Federally
subsidized Program through the Federal Govermentment.

The Supervisor Jamie Acton of Anchorage Municipality People
Mover, a federally subsidized Program through the Federal
Government of Anchorage Municipality People Mover refuses
to accept calls from the Public such as from Ben Latham and
denies Alaska Residents Due Process of Law and Equal Protection
under the Law by having a ADA Disability form that is misleading
and veg when one applies for a disability reduced Bus Pass and
the Disability supervisor Sandy James at the Downtown Location
refuses to provide her last name for a ADA Civil Complaint that
is being filed in the United States District Court on September
24, 2019, and her supervisor Will Brown lies to Alaska Residents
such as Ben Latham when Ben Latham requested to a new application
for a Disability reduced Pass on July 29, 2019.   Ben Latham was
told that there is no appeal form when his Disability reduced Bus
fare Application was denied because his Doctor filed out his
Disability Application wrong and Ben Latham was told by the Will
Brown the downtown Supervisor that he had to wait Six Months
prior to filing a New Application for a Reduced Fair Bus Pass and
then Later the same day Sandy James stated to Ben Latham that he

Case 3:19-cv-00258-SLG   Document 1   Filed 09/24/19   Page 13 of 23

1 did not have to wait six months to reapply for a reduced Fair Bus

2 Pass and Sandy James stated to Ben Latham over the Phone that an

3 Application would be re-processed as soon as Mr. Latham's Doctor

4 resubmits the Disability reduced fair Bus Pass Application.

5 Jamie Acton the Director of People Mover Acts under Color of

6 State and Federal Law and under the ADA Disability Act and is

7 responsible for her employees lying to Mr. Latham and denying him

8 ADA services and a Reduced Bus Fare. The Anchorage municipality

9 People Mover also denies Alaska Residents Due Process of

10 Law and Equal Protection under the Law by denying ADA

11 Beneficiaries such as Ben Latham access to the Courts on a

12 Saturday and Sunday by not having a Anchorage Municipality People

13 Mover Bus that goes to and from Anchorage to Eagle River

14 at least once a Day round Trip. Meaning one Bus should go to

15 Anchorage from Eagle River in the Morning and returns to Eagle

16 River in the evening on Saturdays and Sundays four times a month.

17 This Constitutional violation was brought at the Last open

18 Meeting that People Mover held in July of 2019 and the People

19 Mover Committee has failed to act and provide People Mover Bus

20 services on the weekends to Eagle River Residents.

21 For the past five years Plaintiff Ben Latham has been

22 denied to partisapate in the Anchorage Municipality People Mover

23 Half Fare Program by being denied a discount Bus Pass by the

24 Defendants Anchorage Municipality People Mover due to the

25

ambiguous wording in the Anchorage Muninicapilty People Movers Half Fair Pass Application which states: Does condition affect their ability to ride the bus? Yes No (If Yes, please explain) Address need for accessible features, special facilities or planning.

Plaintiff Ben Latham's Psycharist Merrie Rollions from Anchorage Community Mental Health, a State of Alaska State Agency has miss construed this question for the pased Two years due to the ambiguous wording in this question that has been approved by the Municipality of Anchorage Municipal Attorney as Stated by the Anchorage Municipality People mover Disability Supervisor Sandy James of the Customer Service Representative at the front counter of the People Mover locayted at 700 W. 6TH AVENUE #109 ANCHORAGE, AK 99501.

## FIRST CAUSE OF ACTION
## VIOLATION OF DUE PROCESS OF LAW
## VIOLATION OF EQUAL PROTECTION UNDER THE LAW
## THE CIVIL RIGHTS ACT OF 1964, 1990
## (42 U.S.C.§ 12101-12213)

7.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 6, herein as if fully set out, and incorporate same by reference.

15

## SECOND CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

### (42 U.S.C. 2000d-e-4)

8.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 7, herein as if fully set out, and incorporate same by reference.

## THIRD CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW   VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### THE AMERICAN WITH DISABILITIES ACT OF 2008 PL (110-325) (S-3406)(ADAAA)

9.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 8, herein as if fully set out, and incorporate same by reference.

## FOURTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### AND VIOLATION OF EQUAL PROTECTION UNDER THE LAW   THE AMERICAN WITH DISABILITIES ACT OF 1990 (ADA))(P.L.110-325) (42 U.S.C. 12101-12213)

10.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 9, herein as if fully set out, and incorporate same by reference.

## FIFTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW
### VIOLATION OF EQUAL PROTECTION UNDER THE LAW
### TITLE I OF THE WORKFORCE INVESTMENTT ACT OF 1998
### (29 U.S.C. 2801)

11.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 10, herein as if fully set out, and incorporate same by reference.

## SIX CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### EMPLOYMENT BY FEDERAL GOVERNMENT (42 U.S.C. 2000 e-16)

12.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 11, herein as if fully set out, and incorporate same by reference.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### THE AMERICAN WITH DISABILITIES ACT OF 2008(42 U.S.C. 2005 e-5)

13.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 12, herein as if fully set out, and incorporate same by reference.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### THE AMERICAN WITH DISABILITIES ACT OF (ADA) OF 1990

14.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 13, herein as if fully set out, and incorporate same by reference.


## NINTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### EMPLOYMENT DISCRIMATION (28 C.F.R. 35.140) and (29 C.F.R. 1630)

15.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 14, herein as if fully set out, and incorporate same by reference.


## TENTHH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS OF LAW

### VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### SECTION 504 OF THE REHIBITATION ACT OF 1973 (29 U.S.C.§701) (a) (D)

16.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 15, herein as if fully set out, and incorporate same by reference.

## ELVENTH CAUSE OF ACTION

## VIOLATION OF DUE PROCESS OF LAW

## VIOLATION OF EQUAL PROTECTION UNDER THE LAW

## TITLE V ADA CIVIL RIGHTS ACT OF 1974

### 17.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 16, herein as if fully set out, and incorporate same by reference.

## TWELFTH CAUSE OF ACTION

## VIOLATION OF DUE PROCESS OF LAW

## VIOLATION OF EQUAL PROTECTION UNDER THE LAW

## 28 C.F.R. (35.102)

### 18.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 17, herein as if fully set out, and incorporate same by reference.

## THIRTEENTH CAUSE OF ACTION

## VIOLATION OF DUE PROCESS OF LAW

## VIOLATION OF EQUAL PROTECTION UNDER THE LAW

## 29 U.S. CODE § 795J

### 19.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 18, herein as if fully set out, and incorporate same by reference.

## FOURTHEENTH CAUSE OF ACTION
## VIOLATION OF DUE PROCESS OF LAW

## VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### 42 U.S.C. 1981(a)

20.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 19, herein as if fully set out, and incorporate same by reference.


## FIFTHEENTH CAUSE OF ACTION
## VIOLATION OF DUE PROCESS OF LAW

## VIOLATION OF EQUAL PROTECTION UNDER THE LAW

### 42 U.S.C. 1983

21.

Plaintiff Ben Latham restates, repeats, re-claims, re-complains, and re-alleges paragraphs 1 through 20, herein as if fully set out, and incorporate same by reference.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For the United States District Court District of Alaska make an immediate ruling that Plaintiff Ben Latham's Rights to Due Process and Equal Protection under the Law and under the 14th Amendment to the United States Constitutional has been violated by Defendants pursuant to the Alaska Constitutional Plaintiff

Ben Latham's Rights to Due Process and Equal Protection under the Law and under the Art. 1 Sec. 1 has been violated and his Due Process Rights under the Law Art. 1 Sec. 7 of the Alaska Constitution has been violated and his 14th Amendment Right to Due Process of Law under the United States Constitution has been, is being and will continue to be denied by Defendant's Alaska Constitutional Right to Equal Protection under the Law Art. 1 Sec. 1, and the 14th Amendment of the United States Constitution, has been, is being and will continually be denied and violated by Defendants.

2.    For the United States District Court District of Alaska make an immediate ruling that Plaintiff Ben Latham's Rights to Due Process and Equal Protection under the Law has been violated by Defendants for each caus of action as stated in Plaintiff's Complaint.

3.    For a Declaratory Judgment the United States District Court Disrict of Alaska make an immediate ruling that the Anchorage Municipality People Mover provide at least one Anchorage Municipality People Mover Bus Travel from Eagle River to Anchorage on Saturdays and Sundays after 6:00am and have at least one Anchorage Municipality People Mover Bus Travel from Anchorage to Eagle River after 5:00pm on Saturdays and Sundays of each week in the calender month, 12 months a year.

21

4.    For the United States District Court District of
Alaska make an immediate ruling stating that Plaintiff is
protected under the United States Constitution under the under
the Civil Rights Act of 1964, 1990(42 U.S.C.§ 12101-12213),
Title VI of Civil Rights Act of 1964(42 U.S.C. 2000d-e-4), The
American with Disabilities Act of 2008 PL (110-325)(S-3406)
(ADAAA), The American with Disabilities Act of 1990 (ADA)
(P.L.110-325)(42 U.S.C. 12101-12213), Title I of the Workforce
Investment Act of 1998(29 U.S.C. 2801), The American with
Disabilities Act of 2008(42 U.S.C. 2005 e-5), The American with
Disabilities Act of (42 U.S.C. 2000 e-16), The American with
Disabilities Act of (ADA) of 1990, Employment Discrimination
(28 C.F.R. 35.140) and (29 C.F.R. 1630), Section 504 of the
Rehabilitation Act of 1973(29 U.S.C.§701)(a)(D), Title V ADA
Civil Rights Act of 1974, 28 C.F.R. (35.102), 29 U.S.  Code §
795J, 42 U.S.C. 1981(a),  42 U.S.C. 1983.

    5.    For an Award of Punitive damages in the amount of
$100,000.00 One Hundred Thousand U.S. Dollars, for intentional
infliction of Emotional Duress, Cruel and Unusual Punishment,
Harrassment, the denial of Rehabilitation, the denial to
participate in Rehabilitative Programs and Services
by way of the Alaska Constitution Art. 1 Sec. 11

    6.    As to Plaintiff Ben Latham, personally an award of
Compensatory damages, in the amount of One Hundred Thousand U.S.
Dollars $100,000.00 from each Defendant or each cause of action.

7. For a Immediate and permanent injunction against the Anchorage Municipality People Mover and Employees from further Harassment in the second degree AS 11.61.120.

8. For an immediate Court Order declaring the actions of the Anchorage Municipality People Mover Employees violated Plaintiff's Due Process Rights and Equal Protection Rights under the United States Constitutional and Plaintiff's Due Process Rights and Equal Protection Rights under the Alaska Constitution.

9. For such other relief as the Court deems just and equitable.

Respectfully Submitted

Dated this __24th__ day of ~~September~~ 2019 at Anchorage Alaska.

By: *Ben J. Latham*
Ben J. Latham, Pro Per