# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BEN LATHAM,

    Plaintiff,

  v.

JAIME ACTON, *et al.*,

    Defendants.

Case No. 3:19-cv-00258-SLG

## ORDER RE: MOTION FOR PRELIMINARY INJUNCTION

Self-represented litigant Ben Latham initiated a civil rights action under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and multiple provisions of the Americans with Disabilities Act on September 24, 2019.[1] On October 2, 2019, he filed a "Motion for Temporary Injunction Local Civil Rule 7.1 General Motion," along with a Motion for Expedited Consideration, Affidavit, and a Certificate of Service.[2]

Mr. Latham requests the Court issue a temporary (preliminary) injunction against (1) Mayor Ethan Berkowitz and all employees of the Municipality of Anchorage, (2) Municipal Attorney Rebecca Windt Pearson and all employees of the Civil and Criminal Divisions of the Municipal Attorney's Office, (3) Director of the Anchorage People Mover Jamie Acton and all People Mover employees, (4) Municipality of Anchorage Americans with Disabilities Act Coordinator Paul Deery

---

[1] Docket 1.

[2] Dockets 6-9.

and all the employees of his office, (5) all Securitas Security Services employees, and Anchorage Police Department Police Chief Justin Doll and all employees of the Anchorage Police Department. He seeks an order that would direct all these individuals "to [not] follow, Stalk, nor harass Plaintiff Ben Latham in violation of Harassment in the Second degree AS. 11.61.120. and Stalking in the Second degree AS. 11.41.270."[3]

Mr. Latham alleges that he is currently in a dispute with Anchorage Municipality People Mover administrators about whether he qualifies for a discounted bus pass due to a mental health disability.[4] In support of his request for a temporary or preliminary injunction, Mr. Latham alleges that on September 17, 2019, he was denied "a Disability Reduced Fa[re] Application"; and on September 18, 2019, received two harassing phone calls from Will Brown, a Supervisor of the Anchorage People Mover, who would not take his "verbal complaint" regarding being denied a reduced fare application.[5]

Mr. Latham further alleges that on September 29, 2019, he called the Alaska State Troopers to report death threats made by "Anchorage Community residents when I was at a[n] AA meeting" and that three individuals followed him home and

---

[3] Docket 6 at 1-3.

[4] *See* Docket 6; *also see* Docket 1.

[5] Docket 6 at 5-6.

had waited outside of his residence for three days.[6]  He alleges that he was referred to the Anchorage Police Department and "was told by dispatch that an Anchorage Police officer would come to my residen[ce] to make a formal complaint and to make sure that I was safe"; however, no officer responded.

Lastly, Mr. Latham alleges that on September 30, 2019, he took the People Mover Bus to Anchorage from Eagle River, where the bus driver did not honor the People Mover policy of allowing monthly bus pass users a one-way grace fare in order to renew their pass and he had to pay the $2.00 fare.[7]  Mr. Latham alleges that the bus driver refused to provide him with his name and badge number, which escalated into the driver calling dispatch and requesting the Anchorage Police respond to the bus stop at 5th and C Streets.  Mr. Latham alleges that the bus arrived before the police, so he "exited the bus because I refused to be further harassed by the Municipality Employees pursuant to AS 11.61.120 harassment in the second degree."  Mr. Latham also alleges that when he went to the Anchorage Municipality's ADA office to supplement his previously filed ADA complaint, he was followed by Securitas Security Service officers at the direction of the Anchorage Police Department.

For relief, Mr. Latham requests on order from this Court to enjoin the defendants from following, stalking or harassing Mr. Latham in violation of

---

[6] Docket 6 at 6.

[7] Docket 6 at 7-8.

harassment in the second degree in accordance with AS 11.61.120 and stalking in the second degree in accordance with AS 11.41.270.

## DISCUSSION

Mr. Latham requests this Court enforce Alaska state criminal statutes to enjoin contact and communication between him and the defendants in this suit. The Court cannot provide Mr. Latham the relief he seeks with a preliminary injunction in federal court.

Plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[8] Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[9] In the Ninth Circuit, a sliding scale analysis may be applied the remaining factors.[10] Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[11]

---

[8] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[9] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in the original).

[10] *Id.* at 1131-32.

[11] *Sierra Forest*, 577 F.3d at 1022; citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).

Mr. Latham requests this Court enjoin the defendants under two Alaska criminal laws—harassment[12] and stalking.[13] Under the constitutional principle of federalism, states are entrusted to enforce their own criminal laws.[14] Only Alaska law enforcement can enforce Alaska criminal laws, and only Alaska state courts can preside over cases of Alaska criminal law. If Mr. Latham believes that state criminal laws have been violated, he may report such violations to Alaska law enforcement.

The Court notes that Alaska state law also provides a civil remedy for stalking through the use of stalking protective orders. According to the Alaska Court System Self-Help Center, stalking is described as:

---

[12] AS 11.61.120(a) (stating "A person commits the crime of harassment in the second degree if, with intent to harass or annoy another person, that person (1) insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response; (2) telephones another and fails to terminate the connection with intent to impair the ability of that person to place or receive telephone calls; (3) makes repeated telephone calls at extremely inconvenient hours; (4) makes an anonymous or obscene telephone call, an obscene electronic communication, or a telephone call or electronic communication that threatens physical injury or sexual contact; (5) subjects another person to offensive physical contact; (6) except as provided in AS 11.61.116, publishes or distributes electronic or printed photographs, pictures, or films that show the genitals, anus, or female breast of the other person or show that person engaged in a sexual act; (7) repeatedly sends or publishes an electronic communication that insults, taunts, challenges, or intimidates a person under 18 years of age in a manner that places the person in reasonable fear of physical injury; or (8) under circumstances not proscribed under AS 11.41.455, AS 11.61.125, or 11.61.128, repeatedly sends to another person, publishes, or distributes electronic or printed photographs, pictures, or films that show the genitals of any person.").

[13] AS 11.41.270 (establishing that stalking is when a "person knowingly engages in a course of conduct that recklessly places another person in fear of death or physical injury, or in fear of the death or physical injury of a family member.").

[14] U.S. CONST. amend. X.

> A crime in which a person knowingly and repeatedly contacts you or a family member without your consent, and that places you in fear of your own death or physical injury or the death or physical injury of a family member. You may be able to get either a Stalking Protective Order or a Domestic Violence Protective Order based on stalking, depending on the relationship you have with the opposing party.[15]

The Alaska Court System Self-Help Center provides a Stalking Protective Order packet (CIV-750) for individuals to file requests for protective orders in Alaska Superior Court.

When analyzed through the lens of a preliminary injunction, Mr. Latham is unlikely to prevail on the merits, because Mr. Latham has not demonstrated a harm that is redressable by this Court. A federal court can neither enforce or preside over state criminal laws, nor provide protective orders for violations of state law. There is no showing of irreparable harm. Therefore, Mr. Latham's motion for preliminary injunctive relief must be denied.

For the reasons explained above, Mr. Latham cannot prevail on the merits, and therefore, his Motion for Preliminary Injunctive Relief, at Docket 6, is DENIED.

**IT IS THEREFORE ORDERED:**

1. The Motion for Preliminary Injunctive Relief at Docket 6 is DENIED.
2. The Motion for Expedited Consideration for Temporary Injunction at Docket 7 is DENIED AS MOOT.

---

[15] Glossary of Family Law Terms, http://courts.alaska.gov/shc/family/glossary.htm#s

3. The Application to Proceed *In Forma Pauperis* at Docket 5 is DEFERRED upon screening of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).[16]

DATED this 16th day of October, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).