# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BEN LATHAM,

        Plaintiff,

        v.

ANCHORAGE MUNICIPALITY PEOPLE MOVER, *et al.*,

        Defendants.

Case No. 3:19-cv-00258-SLG

## ORDER DIRECTING SERVICE AND RESPONSE

On September 24, 2019, self-represented litigant Ben Latham filed a civil rights complaint along with a civil cover sheet and a financial affidavit.[1] Subsequently, Mr. Latham filed an Application to Waive the Filing Fee.[2]

On November 15, 2019, Mr. Latham filed a Motion to Amend Complaint along with a First Amended Complaint and a Motion for the U.S. Marshals to Serve the Summons and the First Amended Complaint to All Parties and Waiver of the Cost for the U.S. Marshals.[3] Mr. Latham alleges a civil rights action under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, multiple provisions of the Americans with Disabilities Act, and several other statutory and regulatory

---

[1] Dockets 1-3.

[2] Docket 5.

[3] Dockets 11, 11-1, & 13.

provisions of federal law.[4] Mr. Latham alleges that the Municipality of Anchorage's People Mover bus service and three individuals—Director Jamie Acton, Supervisor Will Brown, and Disability Supervisor Sandy James—have violated his rights to due process and equal protection. Broadly, Mr. Latham alleges that he has a disability and is being denied access to public services, specifically, the Half Fare Disability Bus Pass program. For relief, Mr. Latham requests a declaratory judgment, compensatory and punitive damages, and injunctive relief.

Subsequently, Mr. Latham filed two motions seeking injunctive relief.[5] In one motion, Mr. Latham seeks a preliminary injunction directing the Municipality of Anchorage to provide him with a Half Fare program card for the People Mover bus service.[6] In the second motion, Mr. Latham seeks a preliminary injunction directing the Municipality of Anchorage to provide People Mover bus service between Eagle River and Anchorage, Alaska on the weekends.[7] Mr. Latham requests a hearing on each of the motions.[8]

---

[4] Docket 11-1.

[5] Dockets 16 & 19.

[6] Docket 16.

[7] Docket 19.

[8] Dockets 18 & 21.

## I. First Amended Complaint

Mr. Latham alleges that he is a person with a disability, and broadly, he is being denied access to public services. Liberally construed, Mr. Latham has sufficiently pled a plausible claim under the Americans with Disabilities Act and potentially other civil rights statutes. Mr. Latham's civil rights action may proceed. The Court has jurisdiction under 28 U.S.C. § 1343.

Accordingly, the Motion to Amend at Docket 11, the Application to Waive the Filing Fee at Docket 5, and the Motion for the U.S. Marshals to Serve the Summons and the First Amended Complaint at Docket 13 will all be granted. The case caption is amended as set forth on page one of this order to add the Anchorage Municipality as the first defendant.

## II. Motions for Preliminary Injunction

Mr. Latham has filed two motions for temporary (preliminary) injunctive relief. Plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[9] Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[10] In the Ninth Circuit, a sliding scale analysis may be

---

[9] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[10] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)

applied to the remaining factors.[11] Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[12]

Moreover, Rule 65 of the Federal Rules of Civil Procedure governs the issuance of injunctive orders. Generally, a court cannot issue preliminary injunctions without notice being given to the adverse party.[13] A court may issue a temporary injunction without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing" what efforts, if any, were made to give notice or the reasons why notice should not be required.

The Court notes that since the inception of this action, Mr. Latham has filed three separate motions for preliminary injunctive relief. The pending motions at Dockets 16 and 19 are his second and third of such filings, respectively.

a. <u>Motion for Preliminary Injunction at Docket 16</u>

At Docket 16, Mr. Latham requests the Court issue a preliminary injunction directing the Municipality of Anchorage to provide him with a Half Fare program

---

(emphasis in the original).

[11] *Id.* at 1131-32.

[12] *Sierra Forest*, 577 F.3d at 1022 (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[13] Fed. R. Civ. P. 65(a)(1).

Case No. 3:19-cv-00258-SLG, *Latham v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 4 of 14

card for the People Mover service.  Mr. Latham alleges that the Anchorage Municipality People Mover Bus Reduced Fare Application is problematic. Specifically, he alleges that the question "Does condition affect their ability to ride the bus?" is vague, ambiguous, and misleading, because his doctor has previously marked "No."[14]  He further alleges that Defendant Brown has "stated that a Doctor has to mark yes to be permitted a Disability bus pass."  Mr. Latham alleges he has been denied a disability bus pass for two years and attaches the instruction sheet discussing eligibility as an exhibit.

Mr. Latham has not shown that irreparable harm is likely if he is not immediately granted a half fare bus pass, particularly as Mr. Latham continues to have access to People Mover services for full price during the pendency of this case.  Furthermore, Mr. Latham has not shown that he is likely to succeed on the merits of his civil rights and ADA claims against the Municipality and municipal employees.  Rather, he alleges that his doctor has not provided the correct information required to establish his eligibility.  The balance of equities does not tip in Mr. Latham's favor to warrant an immediate change in the status quo. Additionally, on the facts, there is no showing the requested preliminary injunctive relief is in the public interest.  Therefore, Mr. Latham's motion for preliminary injunctive relief at Docket 16 must be denied.  Accordingly, Mr. Latham's companion motion for a hearing on the matter at Docket 18 is denied as moot.

---

[14] Docket 15 at 2.

### b. Motion for Preliminary Injunction at Docket 19

At Docket 19, Mr. Latham requests the Court issue a temporary (preliminary) inunction directing the Municipality of Anchorage to provide People Mover bus service between Eagle River and Anchorage, Alaska on the weekends. Mr. Latham alleges he "is indigent and in Therapeutic Court and must provide urinalysis on the Weekends at the Court House in Anchorage and the Anchorage Municipality People Mover Bus does not run on the weekends" between Eagle River and Anchorage.[15] Mr. Latham alleges that this lack of service "is denying Plaintiff Ben Latham access to the Courts on the Weekends."[16]

Mr. Latham has not demonstrated that he is likely to prevail on the merits of this claim and obtain an order directing the Municipality and the municipal employees he has named as defendants to provide him with weekend bus service between Eagle River and Anchorage. Mr. Latham alleges that the lack of bus service denies him access to his weekend court obligations. However, his obligations to a court program do not bestow a de facto constitutional right to compel government services be provided to him.[17] Therefore, Mr. Latham's motion for preliminary injunctive relief at Docket 19 must be denied. Accordingly, Mr.

---

[15] Docket 19 at 2.

[16] Docket 19 at 2.

[17] *Cf. Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017); *Rhoades v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (explaining right to access courts is First Amendment right most notably used by prisoners when filing prison grievances and civil rights lawsuits).

Latham's companion motion for a hearing on the matter at Docket 21 is denied as moot.

**IT IS THEREFORE ORDERED:**

1. The Motion to Amend Complaint at Docket 11 is GRANTED. The First Amended Complaint has been screened according to 28 U.S.C. § 1915(e)(2)(B), and, liberally construed, may state a claim for relief under federal law.

2. The Application to Waive the Filing Fee at Docket 5 is GRANTED.

3. The Motion for the U.S. Marshals to Serve the Summons and the First Amended Complaint to All Parties and Waiver of the Cost at Docket 13 is GRANTED, to the extent that Mr. Latham is not required at this time to pay the costs incurred by the U.S. Marshal Service in serving the summons and complaint on defendants. The Court's finding that Mr. Latham may proceed *in forma pauperis* in this action entitles him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d). The U.S. Marshal Service fee may be taxed as costs in this case, pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A) and included in the judgment.

4. The Motion for a Temporary Injunction at Docket 16 is DENIED.

5. The Motion for a Hearing on the Motion for a Temporary Injunction at Docket 18 is DENIED AS MOOT.

6. The Motion for a Temporary Injunction at Docket 19 is DENIED.

7. The Motion for a Hearing on the Motion for a Temporary Injunction at Docket 21 is DENIED AS MOOT.

8. Mr. Latham shall proceed with the steps outlined in this order to ensure that service of process of the summons and complaint on each of the defendants is completed no later than **ninety (90) days from the date of this order**.[18] All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

9. The Clerk of Court shall provide four summons forms to Mr. Latham, as well as four U.S. Marshals Service Process Receipt and Return forms (USM-285).

10. Mr. Latham must promptly and properly complete each of the forms, then return them all to the Clerk of Court.

11. To complete each summons form properly, Mr. Latham must include all of the following on the form:

    a. At the top each form, above "SUMMONS IN A CIVIL ACTION," enter the information as found on the first page of this order:

        a. the name of the Court (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

---

[18] *See* Fed. R. Civ. P. 4(m).

b. the parties' complete full names (above Plaintiff(s) v. Defendant(s), respectively) – as shown on the first page of the First Amended Complaint and this order; and

c. the case number, after "Civil Action No."

b. As to who the summons is "To," Mr. Latham should complete one summons for each defendant. Mr. Latham should write the full name and mailing address for each defendant, if known.

c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and the address of the address at which any answer or motion should be served on Mr. Latham. If Mr. Latham retains an attorney, that attorney's name and address information should be entered here. If Mr. Latham continues to be self-represented, then his mailing address should be entered.

12. To complete each USM-285 form properly, Mr. Latham must include all of the following:

a. the parties' complete full names (below Plaintiff(s) v. Defendant(s), respectively) – as shown on the first page of the First Amended Complaint and this order;

b. the case number, after "Court Case Number";

c. the defendant's full name and address, in the "Serve At" section, if known;

d. Mr. Latham's address, in the Send Notice of Service Copy section;

e. number of process to be served (will be 1 per form) and number of parties of parties in this case (total of defendants named);

f. Mr. Latham's signature as the plaintiff, along with his phone number, and the date.

13. After Mr. Latham completes all of the required forms, he should mail (1) each of the completed summons forms; (2) each of the U.S. Marshal's Service of Process Receipt and Return (USM-285) forms; (3) four copies of the First Amended Complaint; and (4) four copies of this order to:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

If the summons forms have been completed in the proper form, they will then be issued by the Clerk of Court for service.

14. After issuing the summons, the Clerk of Court must send the completed summons forms, the completed USM-285 forms, the required copies of the First Amended Complaint, and copies of this order to:

United States Marshal Service
222 West 7th Avenue, Box 28
Anchorage, Alaska 99513

> The U.S. Marshal shall then take all reasonable steps to promptly effect service in this case.[19]

15. After each of the defendants have been served, the U.S. Marshals must provide the Court with proof of service by submitting an affidavit.[20] The requirements of service are not completed until the proof of service has been submitted to the Court within ninety (90) days of this Order.

16. At all times, Mr. Latham shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[21] The notice shall contain **only** information about the change of address, and its effective date. The notice shall not include requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[19] Fed. R. Civ. P. 4(c)(3) (providing "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]").

[20] Fed. R. Civ. P. Rule 4(l)(1).

[21] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

17. After service of the First Amended Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the plaintiff, the name of the first defendant, and the title of the document, as illustrated on the first page of this order.[22]

18. Mr. Latham shall serve a copy of all further filings submitted to the Court upon each of the defendants or, if an appearance has been entered by counsel for a defendant, on that defendant's attorney(s).[23] Mr. Latham shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to each of the defendant or defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date of delivery for mailing to correctional officer).
>
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge which does not include a Certificate of Service indicating that each defendant was served with a copy of that document will be disregarded by the Court.

19. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means

---

[22] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[23] *See* Fed. R. Civ. P. 5.

that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Latham shall not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

20. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (<u>add the relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.4 requires that each motion be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

21. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

22. The Clerk of Court is directed to send Mr. Latham: (1) a copy of this order, (2) four AO 440 summons forms, (3) four Form USM-285, (4) motion form PS12, and (5) a copy of the Court's *pro se* handbook, "Representing Yourself in Alaska's Federal Court."

Case No. 3:19-cv-00258-SLG, *Latham v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 13 of 14

23. The Clerk of Court is directed to change the case caption to add the Anchorage Municipality People Mover, as set forth on page one of this order.

DATED this 14th day of January, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE