# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BEN LATHAM,

        Plaintiff,

        v.

ANCHORAGE MUNICIPALITY PEOPLE MOVER, *et al.*,

        Defendants.

Case No. 3:19-cv-00258-SLG

## ORDER

At Docket 31, Defendants have filed a Motion to Dismiss. Mr. Latham has responded with a Motion to Compel Discovery Prior to Filing a Reply to Motion to Dismiss and a Motion for an Extension of Time at Dockets 32 and 34, respectively. Defendants filed a non-opposition to the Motion for an Extension of Time.[1]

Federal Rule of Civil Procedure 12(b) allows defendants to raise initial defenses to a complaint, such as lack of jurisdiction, insufficient service, or failure to state a claim upon which relief can be granted.[2] A motion to dismiss for failure to state a claim made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1] Docket 36.

[2] Fed. R. Civ. P. 12(b).

to relief that is plausible on its face.'"[3] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully."[5]

When reviewing a Rule 12(b)(6) motion, a court considers only the complaint and those documents incorporated into the complaint by reference, as well as matters on which a court may take judicial notice.[6] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[7] Here, Defendants have not attached any additional materials outside of the pleadings to their motion to dismiss.[8] Therefore, there is no need for Mr. Latham to have any discovery provided to him in order for him to respond to Defendants' motion. The Court will determine the motion based solely on the parties' legal arguments and based on its review of Mr. Latham's First Amended Complaint at Docket 25.

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.* (citing *Twombly*, 550 U.S. at 556).

[5] *Id.*

[6] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[7] *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

[8] It is for that reason that the Court has caused to be withdrawn the Notice that the Clerk's Office issued at Docket 37.

**IT IS THEREFORE ORDERED**, the Motion to Compel Discovery Prior to Filing a Reply to Motion to Dismiss at Docket 32 is **DENIED**.

**IT IS FURTHER ORDERED** that for good cause appearing, the Motion for an Extension of Time at Docket 34 is **GRANTED**. Mr. Latham has 30 days from the date of this order to file his response to the Motion to Dismiss for Failure to State a Claim.

DATED this 5th day of March, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE